IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-298-BO

| | | |
|---|---|---|
| PACIFIC ALLIANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MCCOY WIGGINS, PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on defendant's motion to dismiss [DE 26] and plaintiff's unopposed Motion for Leave to Submit Reply to Defendant's First Affirmative Defense [DE 37]. Both have been fully briefed and are ripe for disposition. The Court having considered plaintiff's motion and for good cause appearing, plaintiff's Motion for Leave to Submit Reply [DE 37] is GRANTED. For the reasons discussed below, defendant's motion to dismiss [DE 26] is DENIED.

BACKGROUND

In April 2016, plaintiff received judgment in its favor in a separate action in Weber County, Utah. [DE 2 ¶ 20]. Plaintiff then retained defendant to domesticate the Utah judgment in North Carolina. [DE 2 ¶ 21]. In August 2016, defendant initiated a civil suit in North Carolina on plaintiff's behalf, seeking an order enforcing the Utah judgment. [DE 2 ¶¶ 22–23]. But the North Carolina court refused to enforce the Utah judgment. [DE 2 ¶ 25].

In April 2018, plaintiff filed this matter in federal court in Utah. [DE 1]. Plaintiff brought two claims, alleging professional negligence and breach of fiduciary duty. [DE 2 ¶¶ 32, 37]. Both claims arise from defendant's alleged failure to timely respond to requests for admissions in the

North Carolina suit seeking to enforce the Utah judgment, resulting in the court's refusal to enforce the judgment. *Id.* In June, the parties agreed to transfer the case to the Eastern District of North Carolina. [DE 22]. Defendant then moved to dismiss plaintiff's second claim, breach of fiduciary duty, arguing that it was duplicative of the first claim. [DE 26]. Plaintiff responded in opposition.

Additionally, plaintiff has moved for leave to file a reply to defendant's affirmative defense of contributory negligence. [DE 37]. Defendant has not opposed this motion.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant argues that plaintiff's two claims, professional malpractice and breach of fiduciary duty, are founded upon "the same operative facts and the same alleged injuries." [DE 27 p. 5]. Defendant relies on a handful of North Carolina decisions describing "a breach of fiduciary duty claim [as] essentially a negligence or professional malpractice claim" and as "a species of negligence or professional malpractice." [DE 27 p. 4]; *Teague v. Isenhower,* 157 N.C. App. 333, 334 (2003); *Wilkins v. Safran,* 185 N.C. App. 668, 674 (2007). Plaintiff responds that its fiduciary

duty claim was properly pleaded in the alternative under Federal Rule of Civil Procedure 8(d)(2). [DE 33 p. 2]. Additionally, plaintiff "freely concedes that it is not entitled to recover damages" on both claims. [DE 33 p. 3]. But North Carolina law does not require plaintiffs to choose between available remedies for alternative claims until the time of trial. *See, e.g.*, *Ace Chemical Corp. v. DSI Transports, Inc.*, 115 N.C. App. 237, 246–47 (1994) (citing *Craven County v. Investment Co.*, 201 N.C. 523 (1931)). As such, plaintiff may pursue both of its claims—professional malpractice or, alternatively, breach of fiduciary duty—at this time, but ultimately, it may not recover damages on both claims.

In sum, plaintiff has alternatively pleaded two claims upon which relief can be granted, and as such, defendant's motion to dismiss is denied.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 26] is DENIED. Plaintiff's unopposed Motion for Leave to Submit Reply [DE 37] is GRANTED. Plaintiff may submit a reply to defendant's First Affirmative Defense in the same form as the proposed reply [DE 38-1] submitted in connection with plaintiff's Motion for Leave to Submit Reply.

SO ORDERED, this 27 day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE