IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-298-BO

| | | |
|---|---|---|
| PACIFIC ALLIANCE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MCCOY WIGGINS, PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for leave to amend its complaint to add two new parties. [DE 43]. Defendant has not responded and the time for doing so has ended, so the matter is ripe for disposition. For the reasons that follow, plaintiff's motion to amend its complaint to add new parties [DE 43] is GRANTED.

## BACKGROUND

In April 2016, plaintiff received judgment in its favor in a separate action in Weber County, Utah. [DE 2 ¶ 20]. Plaintiff then retained defendant McCoy Wiggins to domesticate the Utah judgment in North Carolina. [DE 2 ¶ 21]. In August 2016, defendant initiated a civil suit in North Carolina on plaintiff's behalf, seeking an order enforcing the Utah judgment. [DE 2 ¶¶ 22–23]. But the North Carolina court refused to enforce the Utah judgment. [DE 2 ¶ 25].

In April 2018, plaintiff filed this matter in federal court in Utah. [DE 1]. Plaintiff brought two claims, alleging professional negligence and breach of fiduciary duty. [DE 2 ¶¶ 32, 37]. Both claims arise from defendant McCoy Wiggins's alleged failure to timely respond to requests for admissions in the North Carolina suit seeking to enforce the Utah judgment, resulting in the court's refusal to enforce the judgment. *Id.* In June, the parties agreed to transfer the case to the Eastern

District of North Carolina. [DE 22]. In September, the Court denied defendant McCoy Wiggins's partial motion to dismiss. [DE 40].

On October 9, plaintiff moved for leave to amend its complaint to add two new defendants: Mr. Richard M. Wiggins and Mr. Kenneth B. Dantinne. [DE 43]. Plaintiff alleges that Mr. Wiggins and Mr. Dantinne were the McCoy Wiggins attorneys who failed to timely respond to requests for admissions.

## DISCUSSION

A motion to amend that seeks to add additional parties implicates both Rule 15 and Rule 20 of the Federal Rules of Civil Procedure. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But courts "should freely give leave when justice so requires." *Id.* "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). Rule 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, in deciding whether parties may be properly joined under Rule 20(a), courts consider two factors: (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to the defendants.

Defendant has not responded in opposition to plaintiff's motion and the Court is satisfied that the requirements of Rules 15 and 20 are met. Mr. Wiggins and Mr. Dantinne are alleged to be the attorneys responsible for the conduct which gave rise to this litigation and questions of law and fact common to all defendants are likely to present themselves in this action. Plaintiff filed its motion to add Mr. Wiggins and Mr. Dantinne within the time period allotted in the scheduling order. Thus, joinder is permissible under the Federal Rules of Civil Procedure, and the Court grants plaintiff leave to amend its complaint accordingly.

## CONCLUSION

For the above reasons, plaintiff's motion [DE 43] is GRANTED. Defendants are granted thirty days to file an amended answer and any counterclaims.

SO ORDERED, this __8__ day of November, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE