UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

PACIFIC ALLIANCE CORPORATION,

    *Plaintiff*

v.

MCCOY WIGGINS, PLLC, RICHARD M.
WIGGINS and KENNETH B.
DANTINNE,

    *Defendants*

Action No. 5:18-cv-298-BO

**PROTECTIVE ORDER**

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure and for good cause shown, IT IS HEREBY ORDERED THAT:

1.     Scope of Protection

This Protective Order shall govern any record or information produced by MMX Transportation, Inc. ("MMX") in this action and designated pursuant to this Protective Order.

This Protective Order shall apply to the parties, their counsel, employees, insurers, consultants, Technical Advisors (as defined below), and representatives and to MMX.

2.     Definitions

    (a)     The term PROTECTED INFORMATION shall mean

confidential or proprietary technical, scientific, financial or business information designated pursuant to this Protective Order.

(b) The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated in good faith by MMX. The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's services and/or products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's services and/or products, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order MMX reasonably and in good faith believes would likely cause harm.

(c) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as CONFIDENTIAL - ATTORNEYS EYES ONLY information.

(d) The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been

designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3. Disclosure Agreements

(a) Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form shown below in Section 18 of this Protective Order. Copies of any disclosure agreement in the form of Section 18 signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to counsel for MMX promptly after execution by electronic mail. No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to counsel for MMX.

(b) Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to counsel for MMX and received no less than five (5) business days before the intended date of disclosure to that outside TECHNICAL ADVISOR: the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and,

if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR. If MMX objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, MMX shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties and MMX shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, MMX shall move within five (5) business days of serving its written objections for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon receiving party. If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court.

   (c) Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

   (d) No party shall attempt to depose any TECHNICAL ADVISOR

until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Section 18 or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement.

4. Designation of Information

(a) Documents and things produced or furnished during the course of this action by MMX shall be designated as containing PROTECTED INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) Documents and things produced or furnished during the course of this action by MMX shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c)   MMX will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public.

5.   Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from MMX in strict confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

6.   Qualified Recipients

For purposes of this Order, "Qualified Recipient" means

(a)   For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY:

(1)   Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and

employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

(5) Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to MMX, and (iii) MMX does

not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of MMX, or to any employee of MMX who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the ordinary course of such employee's employment.

    (b)    FOR CONFIDENTIAL INFORMATION:

    (1) Those persons listed in paragraph 6(a);

    (2) In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

    (3) The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

    (4) Employees of the parties.

7.   <u>Use of Protected Information</u>

    (a) In the event that any receiving party's briefs, memoranda,

discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and shall be treated accordingly.

(b) All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c) Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be submitted or presented to or filed with the Court in accordance with this Order and shall not be made available to persons other than the Court and persons authorized by this Order. Any filing made with the Court which contains, reproduces, paraphrases, or has attached to it CONFIDENTIAL INFORMATION (but not CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY) shall be marked "PRIVATE" when filed with the Court and shall be treated as "PRIVATE" by the Court. Any filing made with the Court which contains, reproduces, paraphrases, or has attached to it CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be filed under seal and shall be treated as "SEALED" by the Court (except that it may be unsealed for

examination by the Court as necessary). For good cause shown, the Court may order that such filing or portions thereof be unsealed. In such circumstances, and absent good cause shown to the contrary, the unsealed portions shall be designated "PRIVATE" by the Court. This Protective Order is not intended to supplant or replace the requirements set forth by the U.S. Supreme Court in <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555, 100 S. Ct. 2814, 2824, 65 L. Ed. 2d 973 (1980), and its progeny for the sealing of court records. If any pleadings or other documents that contain Confidential Information are to be filed with the Court under seal, according to the procedures set forth in <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555, 100 S. Ct. 2814, 2824, 65 L. Ed. 2d 973 (1980), such Confidential Information shall be filed in a sealed envelope or other appropriate sealed container which shall contain the title and case number of this action and the words "CONFIDENTIAL: FILED UNDER SEAL PURSUANT TO COURT ORDER, NOT FOR PUBLIC INSPECTION." When filed with the Court, said envelope or container shall not be opened nor the contents revealed, except: (1) for use by the Court; (2) by agreement of the parties; or (3) by order of the Court. The party or non-party filing the Confidential Information will notify all other parties that such information has been filed with the Court by serving sealed copies upon all parties.

    (d) To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e) In the event that any question is asked at a deposition with respect to which the deponent or a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Protective Order by the person or party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY at the request of such person or party, all persons who are not allowed to obtain such information pursuant to this Protective Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his or her examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided,

however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

8. <u>Inadvertent Failure to Designate</u>

(a) In the event that MMX inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9. <u>Challenge to Designation</u>

(a) Any receiving party may challenge a designation made pursuant to this Protective Order at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b) Any receiving party may disagree with the designation of any information received from MMX as CONFIDENTIAL INFORMATION or

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Protective Order, may request MMX in writing to change the designation, stating the reasons in that request. MMX shall then have five (5) business days from the date of receipt of the notification to:

    (i)    advise the receiving parties whether or not it persists in such designation; and

    (ii)    if it persists in the designation, to explain the reason for the particular designation.

(c) If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any receiving party may then move the court for an order changing the designation. The burden of proving that the designation is improper shall be upon the challenging party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties and MMX may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary

to MMX if:

> (i) the information in question has become available to the public through no violation of this Order; or the information was known to any receiving party prior to its receipt from MMX; or
>
> (ii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

### 10. Inadvertently Produced Privileged Documents

The parties acknowledge that regardless of MMX's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. If MMX through inadvertence produces or provides documents or information that it believes is subject to a claim of attorney-client privilege or attorney work product, MMX may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to MMX. The receiving party shall return to MMX such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should

be produced.

11. Inadvertent Disclosure

In the event of an inadvertent disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Protective Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify MMX of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12. Limitation

This Protective Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13. Conclusion of Action

15

At the conclusion of this action including any appeal, trial counsel for each party shall, within thirty (30) days of its conclusion, return all documents and discovery material produced pursuant to this Protective Order designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION-ATTORNEYS EYES ONLY or certify in writing to counsel for MMX that such materials – and all copies made thereof – have been destroyed.

### 14. Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY of MMX, the receiving party shall give prompt written notice to counsel for MMX, object to, resist and challenge the demand owing to the existence of this Protective Order and allow MMX an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material provided under this Protective Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 15. Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Protective Order.

16. Modification of Protective Order

This Protective Order is without prejudice to the right of any person or entity to seek a modification of this Protective Order at any time either through stipulation or Order of the Court.

17. Confidentiality of Party's own Documents

Nothing herein shall affect the right of MMX or any party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude MMX or a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

18. Disclosure Agreement

I,_____, am employed by_____.In connection with this action, I am:

_____    a director, officer or employee of _____ who is directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____ Other Qualified Recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of Pacific Alliance Corporation v. McCoy Wiggins, PLLC, et al., Action No. 5:18-cv-298-BO, pending in the United States District Court for the Eastern District of North Carolina, Western Division. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the above-named court for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and

correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____

SO ORDERED, this **28** day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE